NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SELVIN FLORIAN, AKA Selvin Florian Najarro,<br><br>        Petitioner,<br><br>   v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No. 14-70705<br><br>Agency No. A075-674-631<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Selvin Florian, a native and citizen of Guatemala, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Toufighi v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 538 F.3d 988, 992 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Florian's untimely motion to reopen because Florian failed to establish materially changed circumstances in Guatemala to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi*, 538 F.3d at 996 (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

We lack jurisdiction to review Florian's challenge to the agency's denial of his underlying claims for relief because this petition is not timely as to that order. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (the deadline for filing a petition for review from a final order of removal is "mandatory and jurisdictional"); *Toufighi*, 538 F.3d at 995 (the court lacked jurisdiction to review underlying order of removal, where alien did not seek timely review of that order, and instead filed petition for review from the denial of a subsequent motion to reopen).

Finally, we deny Florian's opposed motion to remand and deny as moot Florian's motion to suspend the briefing schedule and stay proceedings pending the resolution of his motion to remand.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**